UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 25-cv-20925-BLOOM/Elfenbein**

TERESSA WHITE

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,
A Foreign Profit Corporation,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [16] ("Motion"). Plaintiff Teressa White ("Plaintiff") filed a Response in Opposition ("Response"), ECF No. [24], to which Defendant filed a Reply, ECF No. [27]. The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

On February 27, 2025, Plaintiff filed a Complaint against Defendant asserting one claim of Negligence (Count I). ECF No. [1]. The Defendant filed a motion to dismiss, ECF No. [5], arguing that Plaintiff's Complaint was a shotgun pleading, contained a theory or recovery that was not actionable, and failed to allege sufficient notice. The Court granted the Motion and granted leave for Plaintiff to file an amended complaint, ordering that Plaintiff correct all deficiencies identified in Defendant's Motion, ECF No. [11]. Plaintiff thereafter filed the operative Amended

Case No. 25-cv-20925-BLOOM/Elfenbein

Complaint, ECF No. [15]. Plaintiff alleges that on March 22, 2024, she was a passenger aboard the *Carnival Conquest* ("Vessel"), "walking with food in her hand when she slipped and fell on a tile floor that had been allowed to become and remain wet and slippery by the Defendant." *Id.* ¶7. The fall occurred near the food concession and ingress/egress door from the Vessel's pool on the Lido Deck. *Id.* ¶8. "Based on information and investigation, the wet tile floor was caused by other passengers walking from the Lido Deck pool area from using the pool and dripping water on the floor. *Id.* ¶9. Plaintiff alleges that "Defendant knew or should have known that the high traffic level of ingress/egress at this location would cause the tile floor surface to become wet and slippery due to condensation as the doors opened and closed from the air conditioning. Defendant knew or should have known of the issue caused by the ingress/egress door(s) since the vessel was operational for passengers. *Id.* ¶8. Defendant should have been aware of the dangers of the slippery tile and wet floor surface and taken all reasonable precautionary measures available to ensure an invitee, like Plaintiff, on the ship, would not be injured by such dangerous conditions. Defendant, through its agents and/or employees failed to take any such precautionary measures and instead left this condition without any warning signs of the danger presented to such invitees. *Id.* ¶9. Plaintiff alleges that Defendant breached its duty in the following ways:

   a. Failing to use reasonable care in maintaining the premises in a reasonably safe condition. Specifically, the tile flooring was excessively slippery, was unsafe and created a dangerous condition unbeknownst to visitors and such condition was long-standing and prevalent (sic);

   b. Failing to give Plaintiff warning that the slippery tile flooring created a dangerous condition, and that extra caution should be taken in that particular area, given the hidden dangers when Defendant knew or should have known of the danger(s); and

c. Failing to maintain the premises in a reasonably safe condition for invitees and Plaintiff. Specifically, upon learning for the first time of the dangerous slippery tile flooring, CARNIVAL'S agents and employees failed at any time to take any remedial action to rectify the dangerous condition of the subject area before the accident. *Id.* ¶16.

Defendant seeks to dismiss the Complaint as a shotgun pleading and argues that Plaintiff has failed to cure the deficiencies in her initial Complaint. Defendant asserts that Plaintiff's Negligence claim in Count I improperly commingles distinct theories of liability. Moreover, Defendant contends that Plaintiff fails to sufficiently allege that Carnival had notice of the dangerous condition. Plaintiff responds that the Complaint is not a shotgun pleading and the Amended Complaint sufficiently alleges notice.

## II.     LEGAL STANDARD

### A.  Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates Rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). Such unclear pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (*quoting Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). The negative externalities also extend beyond a single case. "[J]ustice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* Accordingly, shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

The Eleventh Circuit has identified four types of shotgun pleadings, the "unifying characteristic" of which being that all shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm*

4

*Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The first and "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321 The second type of shotgun pleading is the complaint that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third is the pleading "that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. Fourth is the pleading that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

### C. General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro,* 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

### III. DISCUSSION

The Defendant claims that the Amended Complaint is a shotgun pleading, condemned by the Eleventh Circuit, and "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Plaintiff responds that her Complaint is not a shotgun pleading because it more than threadbare recitals; however, Plaintiff does not address the comingling issue. *See generally* ECF No. [19] at 2.

The Court finds that Plaintiff's negligent maintenance and negligent failure to warn are distinct and separate causes of action that must be asserted "independently and with corresponding supporting factual allegations." *Ortiz v. Carnival Corp.*, No. 20-cv-24838, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020). When a plaintiff asserts distinct theories of negligence liability in a maritime case, the courts in this district have been clear that the plaintiff must bring each as a separate count. *See id.* (citing *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims in separate Counts" in an amended complaint (emphasis in original); *Lanza v. Hobby Lobby Stores, Inc.*, No. 24-cv-24043, 2025 WL 507308, at *3 (S.D. Fla. Feb. 14, 2025) ("Because Plaintiff seeks to advance multiple theories of negligence, she must separate each cause of action into a separate paragraph, and [she

must] support each cause of action with specific (non-conclusory) factual allegations.") (internal quotations and citation omitted)).

Here, Plaintiff alleges in Count I that Defendant breached its duty of care by: (1) "[f]ailing to use reasonable care in maintaining the premises in a reasonably safe condition[,]" and (2) "[f]ailing to give Plaintiff warning that the slippery tile flooring created a dangerous condition[.]" ECF No. [15] at 4. Accordingly, because Plaintiff comingles her negligent failure to warn claim with her negligent failure to maintain claim in Count I, the Amended Complaint must be dismissed as an impermissible shotgun pleading. *Pride v. Carnival Corp.*, No. 23-CV-22121, 2023 WL 6907813, at *4 (S.D. Fla. Oct. 19, 2023) ("negligent failure to maintain, failure to warn, and negligent design claims are distinct negligence claims and cannot be 'nestled within [a] general negligence claim.'") (quoting *Anders v. Carnival Corp.*, No. 23-21367, 2023 WL 4252426, at *4 (S. D Fla. June 29, 2023)); *Leon v. Fresh Market, Inc.*, No. 23-22435-CIV, 2023 WL 8698525, at *2 (S.D. Fla. Dec. 15, 2023) (Scola, J.) (dismissing complaint because "the complaint sets forth, in one negligence count, allegations implicating two distinct claims: one based, loosely, on a failure to warn and one based on a failure to maintain")

### A. DISMISS WITH PREJUDICE

Carnival argues that Plaintiff's Amended Complaint should be "dismissed with prejudice as Plaintiff failed to remedy the deficiencies of her initial Complaint and should not be afforded continual opportunities to file a proper [c]omplaint." ECF No. [16] at 4. Plaintiff offers no response as to whether dismissal should be with or without prejudice. *See generally* ECF No. [19].

Dismissal of a shotgun pleading with prejudice for a repeated pleading defect is warranted "where the plaintiff was previously given an opportunity to amend the complaint to correct the defect but failed to so." *McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1222 (S.D. Fla. 2019).

Moreover, the Eleventh Circuit has held that "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). Moreover, a district court does not abuse its discretion when dismissing a complaint with prejudice on shotgun pleading grounds when a district court has given a litigant an opportunity to correct the shotgun pleading issues in his complaint with specific instructions on how to properly do so, and the litigant fails to fix the defects. *See id.* at 1297; *see also Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (concluding that the district court did not abuse its discretion by dismissing the second amended complaint with prejudice of a plaintiff who was represented by counsel because it constituted a shotgun pleading, and failed to correct the first amended complaint, which was also a shotgun pleading); *Amin v. Pepperman*, Case No: 8:23-cv-02345, 2023 WL 8018864 at *1 (M.D. Fla. Nov. 20, 2023) (dismissing pro se plaintiffs' second amended complaint with prejudice because it was a shotgun pleading, and failed to correct the defects of the prior complaints, also shotgun pleadings); *see Hines v. Carnival Corp.*, 23-cv-24884, 2025 U.S. Dist. LEXIS 51876, at *11-12 (S.D. Fla. Mar. 19, 2023) (dismissing with prejudice when amendment was filed following a motion to dismiss identifying the same deficiencies).

The Court already dismissed Plaintiff's original Complaint and gave Plaintiff leave to amend to cure the deficiencies outlined in Defendant's first motion to dismiss. *See* ECF No. [11] (granting motion to dismiss and ordering that "Plaintiff shall correct all deficiencies identified in Defendant's Motion"); ECF No. [5]. In its original motion to dismiss, Defendant specifically argued that Plaintiff's Complaint amounted to a shotgun pleading because she had comingled her failure to warn claims and her failure to maintain claims into one single negligence cause of action.

ECF No. [5] at 7. Given that the Court has identified the same deficiency in the instant Amended Complaint, the Court finds it appropriate to dismiss Plaintiff's claims with prejudice.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [16]**, is **GRANTED**.

2. The Complaint, **ECF No. [15]** is **DISMISSED WITH PREJUDICE**.

3. While the Court appreciates the parties' willingness to argue their points in the courtroom on July 10 at 10:00 am, the hearing in unnecessary and is **CANCELED**.

4. The Clerk is to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 7, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record