UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20925-BLOOM/Elfenbein

TERESSA WHITE

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL DATED JULY 7, 2025**

**THIS CAUSE** is before the Court upon Plaintiff Teressa White's ("Plaintiff") Motion for Relief from Order of Dismissal Dated July 7, 2025 ("Motion"), ECF No. [26]. Defendant Carnival Corporation ("Defendant") filed a Response in Opposition ("Response"), ECF No. [27], to which Plaintiff did not file a Reply. The Court has reviewed the Motion and related submissions and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied.

**I.  BACKGROUND**

On February 27, 2025, Plaintiff filed a Complaint against Defendant asserting one claim of Negligence (Count I). ECF No. [1]. The Defendant filed a motion to dismiss arguing that Plaintiff's Complaint was a shotgun pleading, contained a theory of recovery that was not actionable, and failed to allege sufficient notice. *See* ECF No. [5]. The Court granted the Motion and granted leave for Plaintiff to file an amended complaint, ordering that Plaintiff correct all deficiencies identified in Defendant's Motion, ECF No. [11]. Plaintiff thereafter filed the First Amended Complaint, ECF No. [15].

Case No. 25-cv-20925-BLOOM/Elfenbein

Defendant responded by filing another Motion to Dismiss, arguing that Plaintiff's Amended Complaint failed to cure the deficiencies in her initial Complaint. ECF No. [16]. Specifically, Defendant asserted that Plaintiff's Negligence claim in Count I improperly commingled distinct theories of liability—negligent maintenance and negligent failure to warn. ECF No. [16] at 6. Consequently, Defendant argued the First Amended Complaint once again amounted to a shotgun pleading. *Id.* The Court granted Defendant's Second Motion to Dismiss, agreeing that Plaintiff impermissibly commingled claims in Count I. ECF No. [25]. Because the Court found that this same deficiency was present in the original Complaint, the Court dismissed Plaintiff's Amended Complaint with prejudice. *See id.* at 8-9. Plaintiff now seeks to alter or amend the judgment pursuant to Rule 59(e) and Rule 60(b). *See* ECF No. [26].

## II.  LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it w[ere] obliged to rule twice on the same arguments by the same party upon request").

A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion

to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

### III.  DISCUSSION

Plaintiff's only argument for reconsideration is that the dismissal with prejudice was "exceptional and unwarranted." ECF No. [26] at 3. According to Plaintiff, she "significantly altered her original complaint to comply with Defendant Carnival's argument that the original complaint was misleading." *Id.* Because of these changes, Plaintiff argues that it was error for the Court to conclude that her allegations in the Amended Complaint amounted to an impermissible shotgun pleading. However, even assuming the Amended Complaint did violate the rules on shotgun pleadings, Plaintiff contends that "the Court could have easily stricken the allegations of failure to warn and allowed Plaintiff to proceed on [the] merits of the remainder of the claim." *Id.* Given Plaintiff's good faith efforts to amend the Complaint and the alternative remedies available beyond dismissal with prejudice, Plaintiff insists that relief from the judgment is appropriate.

Defendant responds that the Order was appropriate, and Plaintiff offers no valid basis for relief from the Judgment. According to Defendant, Plaintiff "offers no new evidence or legal authority to disturb this Court's ruling dismissing" the Amended Complaint and, instead, merely raises arguments the Court has already rejected. ECF No. [27] at 6. Moreover, Defendant explains that since the Court not only found that the Amended Complaint constituted a shotgun pleading

but also found that Plaintiff was given an opportunity to cure the exact same deficiency in her original Complaint, dismissal with prejudice was appropriate. *See id.* at 8.[1]

The Court finds no basis for the requested relief. Plaintiff's cursory Motion makes no serious effort to demonstrate that the Court's July 7, 2025 Order was erroneous or otherwise caused a manifest injustice. Indeed, Plaintiff not only fails to cite a *single* case, but she also fails to provide any substantive legal arguments in support of the relief requested. Merely asserting that the claims in the Amended Complaint are not commingled is not a legal argument but is merely an unsupported assertion. Accordingly, the "argument"[2] may be denied on that ground alone. *See Turk Hava Yollari Anonim Ortakligi v. Erkilic*, No. 24-CV-20883, 2025 WL 1295060, at *5 (S.D. Fla. Jan. 23, 2025) ("When a litigant raises an argument only generally and fails to offer specific factual contentions or fails to support the argument with legal authority, a court may summarily reject the argument.") (citing *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278-79 (11th Cir. 2009); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.")); *Powrzanas v. Jones Util. & Contracting Co.*, No. 2:17-CV-975-GMB, 2019 WL 4305612, at *8 (N.D. Ala. Sept. 11, 2019) ("'The law is well settled in this circuit that a legal claim or argument that has not been briefed is deemed abandoned and that mentioning an issue without providing specific argument in support is not

---

[1] Defendant also argues that the Motion should be denied based on Plaintiff's counsel's failure to even attempt to meet and confer with opposing counsel. *See* ECF No. [26] at 9.

[2] Plaintiff has failed to make any genuine effort to brief the substantive issues present in this case. Notwithstanding the requirements in the Local Rules, Plaintiff has cited no cases in any of her briefs, nor has she made any non-conclusory legal arguments. *See* S.D. Fla. L.R. 7.1 ("Every motion when filed and served shall incorporate a memorandum of law citing supporting authorities[.]"). The Court is genuinely surprised by Plaintiff's counsel's minimal effort throughout this case and expects more from an advocate practicing in this District.

sufficient.' [ ] And passing references are not equivalent to argument.") (quoting *Nzekwe v. Marta*, Civ. Act. No. 1:14-CV-1051-CC-LTW, 2015 WL 12851537, at *6 (N.D. Ga. Aug. 18, 2015); *Hines-Smith v. ADT Sec. Servs., Inc.*, 2:06-1241-JHH, 2007 WL 9711596, at *10 (N.D. Ala. Dec. 4, 2007)).

In any event, Plaintiff already made the same conclusory argument that the Amended Complaint was not a shotgun pleading in her Response to the Motion to Dismiss. *See* ECF No. [19] at 2. Therefore, because Plaintiff does not make any new argument, but rather attempts to simply rehash the same issues the Court has already addressed, the argument is impermissible upon reconsideration. *See Collins v. Int'l Longshoremen's Ass'n Local 1423*, No. 2:09–CV–093, 2013 WL 393096, at *1 (S.D. Ga. Jan. 30, 2013) ("Motions for reconsideration should not be used to relitigate issues which have already been found lacking.") (internal quotations omitted)); *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.").

Plaintiff's only other argument is that dismissal with prejudice is both exceptional and unwarranted because the Court could have simply stricken the failure to warn claim contained in Count One. *See* ECF No. [26] at 3. However, Plaintiff offers no authority to suggest that the Court may simply strike a portion of a plaintiff's complaint when it is improperly commingled, and the Court is aware of no such authority. Indeed, it is well established that a count should be dismissed in its entirety when it improperly commingles multiple claims. *See Orth v. Carnival Cruise Line, Ltd.*, No. 24-CV-20333, 2024 WL 3791895, at *4 (S.D. Fla. Aug. 13, 2024) ("As we've said many times, courts in our District routinely dismiss negligence claims where (as here) different theories of negligence are improperly commingled into one negligence cause of action."); *Johnson v.*

6

*Carnival Corp.*, Case No. 19-cv-23167, 2020 WL 128179, at *3 (S.D. Fla. Jan. 10, 2020) ("[The] [p]laintiff's claims are not separately labeled, though the basis of her claims is negligence based upon at least three different theories—failure to maintain, failure to establish adequate policy and procedures, and failure to warn . . .. These theories should be asserted separately with supporting factual allegations . . .. On this basis alone, the [c]omplaint is due to be dismissed.") (citing *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 (S.D. Fla. 2012); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 9-10 (11th Cir. 2002)). The prohibition against commingling different types of negligence claims in maritime cases is well-established in this District. And Plaintiff should have avoided this defect in its original Complaint and certainly should have cured the defect once Defendant raised the problem in the first motion to dismiss. As such, the Court finds that the dismissal with prejudice was neither exceptional nor unwarranted under the circumstances. Because Plaintiff offers no other basis for relief, her Motion is denied.[3]

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [26]**,

---

[3] The Court also notes that the Motion is due to be denied because Plaintiff's counsel failed to confer before filing the instant Motion. *See* S.D. Fla. L.R. 7.1(a)(2) ("Prior to filing any motion in a civil case, . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion."). Failure to confer before filing this type of motion is sufficient grounds alone to deny the relief requested. *See Arch Ins. Co. v. A3 Dev., LLC*, No. 23-CV-23524, 2024 WL 5471439, at *6 (S.D. Fla. Nov. 20, 2024) ("Compliance with the Local Rules is mandatory" as "a valid local rule has the force of law."); *see also Sierra Equity Grp. v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1370 (S.D. Fla. 2009) ("If a party fails to confer pursuant to LR 7.1A3, the Court may deny the motion and impose appropriate sanctions, including reasonable attorney's fees.") (citing *Williams v. Ocean Title Co.*, No. 07–80252, 2007 WL 1805792, at *1, (S.D. Fla. 2007) (explaining failure to comply with Local Rule 7.1 "is sufficient cause for the denial of the motion as well as imposition of an appropriate sanction," including reasonable attorney's fees)).

is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 12, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record